MEMORANDUM **
California prisoner Raymond D. Jackson, Sr. appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by refusing to search for and provide potentially exculpatory DNA evidence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.2003). We affirm.
The district court properly determined that California issue preclusion law barred Jackson’s federal claim. Jackson sought to relitigate an issue that was identical to one previously litigated and decided in state court; the state court decision was final and on the merits; and Jackson, the petitioner in the state proceeding, is the same party against whom the defendant seeks preclusion here. See San Remo Hotel L.P. v. San Francisco City & County, 364 F.3d 1088, 1096 (9th Cir.2004) (stating that issue preclusion applies if the state courts would give preclusive effect to the judgment of the state court and the federal courts would find the substantive law to be the same in the state and federal proceedings), ajfd on other grounds by 545 U.S. 323, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005); see also Lucido v. Superior Court, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (summarizing California’s issue preclusion law).
Moreover, Jackson has stated no viable due process claim regarding access to the DNA evidence at issue. See Dist. Attorney’s Office for the Third Judicial Dist. v. Osborne, — U.S. -, 129 S.Ct. 2308, 2320-22, 174 L.Ed.2d 38 (2009) (holding that there is no procedural due process claim to post-conviction access to DNA evidence when a state’s procedures for post-conviction relief satisfy recognized principles of fundamental fairness, as well as no substantive due process right).
Jackson’s remaining contentions are unpersuasive.
Jackson’s requests for judicial notice are denied.
Jackson’s request for appointment of counsel or a court-appointed investigator is denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.